NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 11 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WEISS RESIDENTIAL RESEARCH, LLC, | No. 22-55111 |
| Plaintiff-Appellant, | D.C. No. 8:20-cv-00861-MCS-DFM |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation; EXPERIAN SERVICES CORP., a Delaware Corporation, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted January 9, 2023[**]
Pasadena, California

Before: WATFORD, FRIEDLAND, and BENNETT, Circuit Judges.

Weiss Residential Research, LLC ("Weiss") appeals from the district court's

grant of summary judgment to Experian Information Solutions, Inc. ("Experian")

in Weiss's suit against Experian for consequential damages from Experian's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

alleged breach of a Commercial Agreement between the parties and alleged misappropriation of Weiss's trade secrets.[1] The district court determined that Weiss lacked evidence to create a genuine dispute of fact that Experian had engaged in any fraudulent act, which was dispositive because the Commercial Agreement disclaims liability for consequential damages except in the case of a party's "fraudulent misrepresentations and/or actions." We review the grant of summary judgment de novo and affirm. *See UMG Recordings, Inc. v. Augusto*, 628 F.3d 1175, 1178 (9th Cir. 2011).

Weiss lacks evidence that it reasonably relied on any misrepresentations about its revenue shares or ownership shares in the mortgage modules of the Sandbox and CECL Forecaster products. *See Rossberg v. Bank of Am., N.A.*, 162 Cal. Rptr. 3d 525, 539 (Ct. App. 2013) (explaining that a plaintiff must demonstrate the existence of a false promise regarding a material fact and reasonable reliance on this promise, among other elements, to establish promissory fraud). Without such evidence, Weiss cannot show that Experian acted fraudulently, and it cannot recover lost profits under the Commercial Agreement.

First, Experian did not make any promise that Weiss would receive a revenue share in the mortgage modules, let alone a promise that Weiss would receive the particular revenue percentage Weiss claims. The Commercial

---

[1] The Commercial Agreement stipulates that California law applies.

Agreement contains no such guarantee, and the representations that Experian made to Weiss about receiving a specific revenue share were tentative suggestions about future agreements rather than promises. *Cf. Conrad v. Bank of Am.*, 53 Cal. Rptr. 2d 336, 351 (Ct. App. 1996). These representations were accompanied by qualifying language or contextual signals indicating that Experian did not intend to be bound. To the extent that Weiss argues that it relied only on an expectation of *some* commensurate revenue share based on contractual language about creating a "product amendment" including a mutually agreed upon "intended revenue share" for each party, this contention likewise fails. It is not reasonable to rely on a contract to negotiate a subsequent agreement for anything other than an expectation of a good faith negotiation. *See Daniels v. Select Portfolio Servicing, Inc.*, 201 Cal. Rptr. 3d 390, 417 (Ct. App. 2016), *abrogated on other grounds by Sheen v. Wells Fargo Bank, N.A.*, 505 P.3d 625 (Cal. 2022).

Even if Weiss presented some evidence suggesting that Experian promised to offer it a particular revenue share in a future product amendment, Experian did not breach this obligation. Experian did in fact propose to Weiss a product amendment containing the specific revenue share it had previously tentatively quoted. Regardless, the parties recognized that they would have to finalize any agreement in a separately negotiated product amendment. A promise to negotiate in good faith does not allow for recovery of lost profit damages but rather only

reliance damages in the form of negotiation costs or lost opportunity costs, which Weiss did not request here. *See Copeland v. Baskin Robbins U.S.A.*, 117 Cal. Rptr. 2d 875, 885-86 (Ct. App. 2002).

Second, Experian did not promise Weiss any ownership share in the intellectual property of the mortgage modules. The Commercial Agreement's provision about the division of intellectual property rights is only an agreement to negotiate in the future and did not bind the parties to any ownership share division prior to a product amendment. Weiss, therefore, could not have reasonably relied on receiving an ownership share. And even if Experian made a promise to negotiate in good faith over ownership shares, the type of lost profit damages Weiss seeks would not be available for a breach of that promise. *See id.*

Because Experian is entitled to summary judgment due to the lack of reasonable reliance on a false promise and to Weiss's inability to recover lost profits on this type of contract under California law, we need not consider Experian's arguments about the other elements required to establish fraud or about the speculative nature of Weiss's damages evidence.

**AFFIRMED.**

22-55111